**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JEANETTE ELKINS and D.J.L., Plaintiffs, | ) | |
| v. | ) | Case No. 4:21-CV-1360 JCH |
| JESSE C. WASHINGTON, et al., Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Jeanette Elkins brings this civil action against the State of Missouri and other defendants involved in the state-court custody decision regarding her minor child D.J.L. Now before the Court are three motions filed by Plaintiff: (1) a motion for appointment of next friend as to D.J.L.; (2) a motion for leave to proceed *in forma pauperis*; and (3) a motion to appoint counsel. ECF Nos. 2-4. Having reviewed the motion to proceed without prepayment of the required filing fees and costs (ECF No. 3), and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). However, after reviewing the complaint, the Court finds that it lacks subject-matter jurisdiction over this matter. As such, this case will be dismissed for lack of jurisdiction and all other pending motions will be denied as moot.

**Background**

In order to understand the allegations of Plaintiff's complaint, some background understanding of Plaintiff's litigation history in relation to the custody of her daughter D.J.L. (or D.L.) is necessary. Although Plaintiff states on her 'Original Filing Form' that she has not filed the "same cause" or a "substantially equivalent complaint" previously in this court, a review of Court records reveals otherwise. *See* ECF No. 1-2. About five months before filing the instant

matter, Plaintiff filed a civil action in this Court against Defendants Jesse and Angelina Washington. *See Elkins v. Washington*, No. 4:21-CV-690-MTS (E.D. Mo. filed June 14, 2021).[1] The Court summarized Plaintiff's background in that case as follows:

> According to Plaintiff's complaint, her daughter, D.L., was placed with her paternal grandparents at the age of three (3). Plaintiff claims that shortly after being placed with her grandparents, D.L. told Plaintiff that she had been sexually molested by her paternal grandfather, Jesse Washington, but that her grandmother, Angelina Washington, "fixed it" by placing cream on her butt.
>
> Plaintiff states that she not only attempted to seek custody of her daughter, D.L., but she also sought an order of protection against Jesse Washington on D.L.'s behalf by filing two separate cases in St. Louis County Circuit Court. Plaintiff asserts that she was represented by an attorney during most of the child custody proceedings, and a Guardian ad Litem (GAL) was appointed to represent her daughter's best interests during the custody proceedings.
>
> Plaintiff states that after a three-day trial on the custody issues, the court found that the allegations of sexual molestation were unsubstantiated, and that it was in D.L.'s best interest to continue residing with her paternal grandparents.

*Id.* at ECF No. 5 at 2-3 (footnotes omitted).

In this previously filed case, Plaintiff asked the Court "to look into case 18SL-PR03178" – the state court custody matter regarding D.L. – claiming that she lost custody of her minor child to Defendants because of "judicial bias." Plaintiff requested that the Court throw out the state-court custody decision, remove the minor child from the Washington's custody, and return the child to Plaintiff. On June 21, 2021, the Court dismissed the case on initial review for failure to state a 42 U.S.C. § 1983 claim against Defendants that are not state actors. *Id.* at 3-4. In that dismissal, the Court also discussed a lack of federal court jurisdiction over domestic relations

[1] The Court takes judicial notice of its records regarding this related civil proceeding. *See Lockett v. United States*, 333 F. App'x 143, 144 (8th Cir. 2009) (citing *Chandler v. United States*, 378 F.2d 906, 909-10 (9th Cir. 1967) (district court can take judicial notice of its own records, even if court records are not actually brought before judge who is asked to take such judicial notice)).

matters and how any federal court review of a state court decision would most likely violate the *Rooker-Feldman* doctrine, as will also be discussed herein. *Id.* at 4-6.

**Plaintiff's Complaint**

Plaintiff filed the instant civil action on November 16, 2021, listing six defendants in the caption of her complaint: (1) Jesse Washington; (2) Angelina Washington; (3) State of Missouri; (4) St. Louis County North Precinct; (5) DFS Division of Family Services; and (6) CPS Child Protective Services. ECF No. 1 at 1. Although never stated in her complaint, it can be understood from Plaintiff's prior case filing that Defendants Jesse and Angelina Washington are D.L.'s paternal grandparents and her state-ordered guardians.

Plaintiff describes her case as raising claims under the "Civil Rights" Amendments: "4th, 5th, 6th, 7th, 8th, and 14th." ECF No. 1-1. Plaintiff's complaint can be summarized as alleging that her daughter was "kidnapped," the State of Missouri County Court "helped keep her daughter away from her by protecting two 'sexual child abusers,' and the St. Louis County North Precinct refused to give Plaintiff a police escort. ECF No. 1 at 5. Plaintiff makes no allegations against Defendants DFS Division of Family Services or CPS Child Protective Services.

Plaintiff provides little factual support in explanation of her allegations. She states that in July 2018 she left the Washington's residence with her daughter D.L. after D.L. told her that Jesse Washington had molested and/or sodomized her. D.L. was three years old at the time and had been living with the Washingtons for about a year and a half. Plaintiff asserts that Angelina Washington was an accomplice to the molestation and that she "gave false judgment" in protection of her husband. Finally, Plaintiff alleges that the St. Louis County North Precinct failed to properly escort her on an Order of Protection granted by the St. Louis County Court to get D.L. from the Washington's home. *Id.*

Plaintiff made additional allegations against the State of Missouri in the 'Amount in Controversy' and 'Relief' sections of the complaint:

> The State of Missouri did not abide by their own state laws. They also (The State of Missouri) did not follow any federal constitutional laws. The State of Missouri has kept [Plaintiff from being] the one thing she knows how to be [–] a mother since 2018. … The State of Missouri failed to proper[ly] represent[ Plaintiff] in her civil rights and her right to be a mother.

*Id.* at 4, 6.

On the form complaint for the 'Basis for Jurisdiction,' Plaintiff states that this Court has federal question jurisdiction based on:

> How can a circuit court rule in the flavor [sic] of two people who were not fully evaluated and investigated on the full safety and well-being of a child according to Missouri Rule/Statute 452.375 Custody? How can a parent give full consent of terminating their parental rights without the consent of the other parent and not given a written statement of such termination?

*Id.* at 3. Plaintiff also alleges that this matter is a suit against "federal officials/federal agency." *Id.* In terms of citizenship of the parties, Plaintiff lists Missouri as the state of citizenship for herself and the Washington Defendants.

As for relief, Plaintiff wants the Court to grant her sole custody of D.L., to send the Washingtons to prison for their crimes, and to award her 3.5 million dollars for every year that she has had to live without her daughter D.L. *Id.*

**Discussion**

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Court has the duty to determine its jurisdiction and raise the issue of subject matter jurisdiction *sua sponte*, if necessary. *See City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited jurisdiction. This Court has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and cases where diversity jurisdiction exists under 28 U.S.C. § 1332. If this Court lacks both diversity of citizenship and federal question jurisdiction, the case is subject to dismissal for lack of jurisdiction. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020-24 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking where there is neither diversity of citizenship nor federal question jurisdiction).

Plaintiff's complaint fails to establish this Court's jurisdiction under either basis. The Court has diversity jurisdiction under 28 U.S.C. § 1332 over cases where the citizenship of each plaintiff is different from the citizenship of each defendant, and where the amount in controversy is more than $75,000. *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). Diversity jurisdiction does not exist here because Plaintiff and Washington Defendants are all citizens of Missouri.

Federal question jurisdiction under 28 U.S.C. § 1331 gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (internal citations omitted). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded complaint. *Id.* Although Plaintiff here states that her claims arise under rights guaranteed by certain Constitutional Amendments, she neither alleges specific violations of those amendments nor provides facts demonstrating a violation of them. Plaintiff is really contesting the state-court custody decision regarding her daughter. This state-court decision was based on state law not

federal law. Based on the face of Plaintiff's complaint, the instant action does not arise under the Constitution, laws, or treaties of the United States.

To the extent that Plaintiff is seeking review of a Missouri state-court judgment, this federal district lacks subject matter jurisdiction to engage in appellate review of state court decisions. *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996). Federal review of state court decisions may be had only in the U.S. Supreme Court. *Id.* Any review of a state court decision by this Court would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In this case, Plaintiff's claims can only succeed if this Court decides that the state-court custody decision was wrongly decided. As such, Plaintiff's claims are inextricably intertwined with the state court judgment and this Court lacks jurisdiction to review them under the *Rooker-Feldman* doctrine. *See Postma,* 74 F.3d at 162.

Finally, this Court lacks jurisdiction over cases involving child custody under the domestic relations exception to federal court jurisdiction. In general, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Rather, state courts have exclusive jurisdiction over these matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception … divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (internal citations omitted).

Moreover, Plaintiff has given no indication that her claims could not receive a full and fair determination in state court, and it would appear that the state court (where the custody proceedings were held) would be better equipped to handle these issues. *See Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner, and as a matter of policy and comity, these local problems should be decided in state courts.") (internal citations and quotations omitted).

**Conclusion**

Nothing in Plaintiff's complaint or responsive filing indicates that the Court has jurisdiction over this matter. The instant action does not arise under the Constitution, laws, or treaties of the United States, so federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Diversity jurisdiction under 28 U.S.C. § 1332 does not exist here because Plaintiff states that she and two of the Defendants are citizens of the same state. As a result, this case will be dismissed without prejudice for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED** and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that that this case is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of next friend as to D.J.L. [ECF No. 2] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 4] is **DENIED as moot**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of February, 2022.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE