## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JEANETTE ELKINS and D.J.L., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:21-CV-1360 JCH |
| ) | |
| JESSE C. WASHINGTON, et al., ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM AND ORDER

This closed matter is before the Court on multiple filings from self-represented Plaintiff Jeanette Elkins: a Motion to Reopen Case, an Amended Complaint, a Motion for Leave to Proceed *in forma pauperis*, a Motion for Appointment as Next Friend, and a Motion for Appointment of Counsel. ECF Nos. 9-13. The Court has reviewed these filings, including the many pages of exhibits filed with the Amended Complaint. Nothing in these filings address the reason that this case was dismissed in the first place – a lack of subject matter jurisdiction. *See* ECF Nos. 6-7. The Court finds that it still lacks subject matter jurisdiction over this matter so Plaintiff's Motion to Reopen Case will be denied. All other pending motions will be denied as moot. Plaintiff's Amended Complaint and exhibits, which contain extensive unredacted personal information, will be stricken from the record and returned to Plaintiff.

### Background

Self-represented Plaintiff Jeanette Elkins filed this civil action against the State of Missouri and other defendants involved in the state court custody decision regarding her minor child D.J.L. ECF No. 1 at 1. For relief, Plaintiff asked the Court to grant her sole custody of D.J.L., to send D.J.L.'s court-ordered guardians (who are also her grandparents) to prison for their alleged crimes,

and to award her 3.5 million dollars for every year that she has had to live without her daughter. *Id.* at 5.

After review of Plaintiff's complaint, the Court dismissed this matter on February 9, 2022, for a lack of subject matter jurisdiction.  ECF Nos. 6-7.  In its dismissal, the Court discussed how federal courts are courts of limited jurisdiction and how this Court only has jurisdiction to hear cases involving the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331, and cases where diversity jurisdiction exists under 28 U.S.C. § 1332.  The Court found that Plaintiff's complaint failed to establish the Court's jurisdiction under either basis.  Diversity jurisdiction under § 1332 was lacking because Plaintiff and two defendants are citizens of the same state. Federal question jurisdiction under § 1331 was also lacking because, based on the face of Plaintiff's complaint, the action does not arise under the Constitution, laws, or treaties of the United States.

Furthermore, the Court discussed how federal district courts lacks subject matter jurisdiction to engage in appellate review of state court decisions.  *Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996).  Also, any review of a state court decision by this Court would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Finally, the Court discussed how it lacks jurisdiction over cases involving child custody under the domestic relations exception to federal court jurisdiction.  *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

2

As such, this case was dismissed without prejudice for lack of jurisdiction. Plaintiff did not appeal that decision but instead filed a Motion to Reopen Case on February 22, 2022. ECF No. 9. Along with that motion, Plaintiff filed an Amended Complaint with hundreds of pages of exhibits, and multiple other motions.

## Motion to Reopen Case

Plaintiff does not mention jurisdiction at all in her Motion to Reopen Case. *See* ECF No. 9. Plaintiff states that she no longer trusts the paralegal that was helping her. She asks the Court to "take a look at [her] evidence" because there are "discrepancies in initial information" regarding her place of residence. She asserts that this Court should "reconsider reopening [this] case for the emotional well being of [her] child." *Id.* at 1. Finally, Plaintiff provides a list of people and alleged actions that they have taken against her, including failures by her minor daughter's father, the police, the state court, her attorney, and the guardian ad litem appointed for her daughter. *Id.* at 2.

## Amended Complaint and Exhibits

Plaintiff's Amended Complaint names the same six defendants as her original complaint but also adds fifteen additional individual defendants. ECF No. 10 at 2. However, the underlying factual allegations and the relief sought in the Amended Complaint appear the same as the original complaint. *Id.* at 6-8. As to the basis for jurisdiction, Plaintiff admits on her form complaint that she and two of the defendants are all citizens of the state of Missouri. *Id.* at 4-5. Under 'Federal Question' jurisdiction, Plaintiff states:

> How can a circuit court rule in the favor of people who were not fully evaluated and investigated on the full safety and well being of a child according to Missouri Rule / Statute 452.375 custody? How can a parent give full consent of terminating their parental rights without the consent of the other parent or given a written statement of such termination?

3

*Id.* at 4. As for whether the case involves a suit against a federal government, a federal official or a federal agency, Plaintiff writes on the form complaint: "Federal Officials / Federal Agency. St. Louis County Court and North County 1st Precinct / GALS DHS." *Id.*

Plaintiff attached hundreds of pages of information to the Amended Complaint, divided into seven numbered exhibits. These exhibits appear to be the "evidence" that Plaintiff asks the Court to review in her Motion to Reopen. The exhibits include police reports on the investigation into the alleged child abuse of Plaintiff's minor child D.J.L.; motions and other documents related-to and filed-in the state court guardianship matter as to Plaintiff's minor child D.J.L.; documents from other related state court matters including multiple orders of protection pursued by and against Plaintiff; health, employment, housing, and financial records for Plaintiff; birth certificate and medical records for Plaintiff's minor child D.J.L.; copies of social security cards for Plaintiff's four minor children; and screenshots of text message conversations between Plaintiff and some defendants. The Court notes that none of these exhibits are properly redacted as required by Local Rules. *See* E.D. Mo. L. R. 2.17(A) (requiring redaction of personal data identifiers including names of minor children, dates of birth, social security numbers, and home addresses of non-parties) and (B) (stating that the responsibility for redaction rests solely with the filing party).

**Discussion**

Nothing in Plaintiff's recent filings indicate that this Court has subject matter jurisdiction over this case. Plaintiff admits the lack of diversity jurisdiction under 28 U.S.C. § 1332, when she states that the parties are not completely diverse in citizenship. Although Plaintiff seems to be attempting to allege that this case involves federal officials or a federal agency, she names state officials and agencies, such as a state court, a state-run police department, a state-appointed advocate, and a state family services division. None of these are federal defendants. As to the

4

existence of federal question jurisdiction, Plaintiff is contesting a state court custody decision that was based on a state statute. This does not constitute a case that involves the Constitution, laws, or treaties of the United States, as required under 28 U.S.C. § 1331.

Because this Court lacks jurisdiction over this matter, and nothing in Plaintiff's recent case filings indicate otherwise, Plaintiff's Motion to Reopen will be denied. To the extent that Plaintiff seeks any other relief in her Motion, it is also denied. All other pending motions will be denied as moot.

Finally, many of the pages of the exhibits to the Amended Complaint contain personal identifying information that self-represented Plaintiff failed to redact before filing. These unredacted exhibits were not scanned into the electronic system but maintained as paper exhibits in the Clerk's Office. Because the Court is denying Plaintiff's Motion to Reopen, there is no need to maintain these unredacted documents. The Court will strike the Amended Complaint and accompanying paper exhibits from the record. As such, the Court will direct that the Clerk of Court return the Amended Complaint and original paper exhibits to Plaintiff by mail.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen Case [ECF No. 9] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 11], Motion for Appointment as Next Friend [ECF No. 12], and Motion for Appointment of Counsel [ECF No. 13] are **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Amended Complaint [ECF No. 10] is **STRICKEN from the record**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall return the Amended Complaint and seven original paper exhibits filed with the Amended Complaint to Plaintiff, along with a copy of this Order.

Dated this 10th day of March, 2022.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE